UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x
ANDREW SCHLESINGER,
an individual,                                      :       CASE NO.:
                                                    :
       Plaintiff,                                   :
                                                    :       Judge:
vs.                                                 :
                                                    :
                                                    :       Magistrate:
                                                    :
DISTRICT INVESTMENTS, LLC,                          :
                                                    :
       Defendant.                                   :
------------------------------------------------------x

## COMPLAINT

Plaintiff, ANDREW SCHLESINGER, by and through his undersigned counsel, hereby files this Complaint and sues DISTRICT INVESTMENTS, LLC (referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the AADA@). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, ANDREW SCHLESINGER, (hereinafter referred to as "MR. SCHLESINGER"), is a resident of Lafourche Parish, Louisiana. MR. SCHLESINGER lives on campus at Nicholls State University.

4. MR. SCHLESINGER is a qualified individual with a disability under the ADA. MR. SCHLESINGER is afflicted with spina bifida.

1

5. Due to his disability, MR. SCHLESINGER is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. SCHLESINGER is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Louisiana and doing business in Lafourche Parish.

7. Upon information and belief, DEFENDANT is domiciled at 100 Cypress Drive, Des Allemands, Louisiana 70030.

8. Upon information and belief, DEFENDANT is the owner and lessor of the real properties and improvements which is the subject of this action, to wit: Spahr's Seafood located at 601 West 4th Street, Thibodaux, Louisiana 70301. (hereinafter referred to as "the Property").

9. DEFENDANT is obligated to comply with the ADA.

10. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Lafourche Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. MR. SCHLESINGER realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located at: 601 West 4th Street, Thibodaux, Louisiana 70301.

13. Upon information and belief, MR. SCHLESINGER has visited the Property numerous

times and desires to visit the Property again in the near future.

14. MR. SCHLESINGER'S most recent visit prior to filing the original Complaint when he last observed or encountered the barriers discussed in Paragraph 19 was on April 2, 2015.

15. During these visits, MR. SCHLESINGER experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 19.

16. MR. SCHLESINGER continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 19.

17. MR. SCHLESINGER lives within a close geographic proximity of the Property. MR. SCHLESINGER lives approximately two (2) miles from the Property.

18. MR. SCHLESINGER intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

19. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against MR. SCHLESINGER due to, but not limited to the following violations which MR. SCHLESINGER personally observed and/or encountered which hindered his access:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

        A. There is an approximate five (5) inch step at the entrance of the restaurant.

        B. There is insufficient clear floor space to the right of the pull side of

        the door at the entrance to the restaurant.

    C.    Inside the men's restroom, the door handle requires a tight grasping maneuver to operate.

    D.    Inside the men's restroom, the lavatory drainage pipe is not insulated to prevent burns and abrasions.

    E.    Inside the men's restroom, there is insufficient clear floor space to the right of the pull side of the exit to the men's restroom.

    F.    Inside the men's restroom, the centerline of the water closet is located too close to the side wall.

    G.    Inside the men's restroom, the flush controls of the water closet are located on the wall side of the water closet instead of on the wide side of the water closet.

    H.    Inside the men's restroom, the mirror is located too high off the finished floor.

    I.    Inside the men's restroom, the toilet paper dispenser is located above the grab bars instead of underneath the grab bars.

20. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

21. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

22. Upon information and belief, removal of the barriers to access located on the Property would provide MR. SCHLESINGER with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

23. Independent of his intent to return as a patron to the Property, MR. SCHLESINGER additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

24. MR. SCHLESINGER has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. SCHLESINGER is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. SCHLESINGER demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. SCHLESINGER; and

D. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: _____
    Garret S. DeReus